Joseph A. Cox, S.
This proceeding for a construction of the decedent’s will was instituted by the decedent’s widow for the purpose of obtaining this court’s .sanction of the invasion of secondary trusts which at this time have not become operative. Under paragraph third of his will the testator bequeathed his entire residuary estate to trustees with directions to pay the net income thereof to his wife during her lifetime. The trustees are authorized to invade the corpus of the trust in an amount not exceeding $4,000 in any one year, if in their discretion such sum is required for “ the proper care, comfort, maintenance and support ’ ’ of the widow. The will directs that, upon the death of his wife, the principal of the trust be divided into as many shares as there shall be children of the testator then living and issue collectively of any deceased child, *532 The issue of a deceased child are to take outright the share their parent would have taken if living. With respect to the then living children the testator directed that the share of each living child be held in trust for the benefit of such child until the child shall reach the age of 25 years at which time. the principal of the trust shall be paid to the child.
The testator further provided that, if any of his children should die before attaining the age of 25, the remaining principal of the trust created for the benefit of such child be paid over to the living issue of the deceased child and, if there should be no issue then living, to the testator’s issue then living and, lacking issue of the testator, in equal shares to his brother-in-law and two nephews. The trustees are empowered and authorized to invade the corpus of each secondary trust for a child if, in the trustees’ discretion, such invasion shall be necessary “ to provide for the proper maintenance, education and support ” of such child. Although the secondary trusts for children have not yet become effective, and neither the number of such trusts nor the identity of the beneficiaries can be definitively fixed at this time, the instant application seeks a ruling empowering the trustees to invade the secondary trusts for the benefit of the now living children in order to provide funds for their education.
This proceeding was instituted by service of citation upon a cotrustee and the testator’s three children, who are represented in this proceeding by a special guardian appointed by the court upon the nomination of the three children. It is the opinion of the special guardian that the purpose for which the invasion is sought is so praiseworthy that the court should use its powers to grant the requested invasion.
At the outset it must be noted that there is a serious deficiency of parties. Citation has not been served upon the brother-in-law and two nephews who were named by the testator as contingent remaindermen. In order to complete jurisdiction it also is necessary that a special guardian be appointed to represent the interests of unborn issue of the testator’s children inasmuch as such issue have remainder interests in the event of the death of their parent either prior to the death of the widow or prior to such parent attaining the age of 25. The relief sought in this proceeding would seriously affect the rights of unborn issue and the living contingent remaindermen for the reason that the unlimited invasion requested by the petitioner could result in the exhaustion of the principal of the trust fund. However, rather than dispose of the matter on a technicality which could be corrected by service of supplemental citation, this court will dispose of the matter on its merits since *533 the court is of tlie opinion that the relief sought cannot in any event he granted.
In effect what the petitioner herein is requesting is permission to ignore or destroy the trust created by the testator because at this time the manner in which the testator provided for his widow and children does not meet with their immediate needs. Our courts have always zealously guarded the rights and interests of all persons interested in an estate but it is just as important to guard and preserve the right of the testator to dispose of his property as he deemed fit and not as his heirs and legatees would have preferred. In Matter of Watson (262 N. Y. 284, 294) it was said: “ Every one naturally feels that the will should have been the other way, but courts do not make wills, and lawyers should draft them with such care that these results cannot happen unless foreseen and intended.”
The trustees’ discretionary power to invade the corpus of the trust was given to them in the first instance for the benefit of the testator’s wife. Similar discretionary invasion powers were then given to the trustees with respect to the secondary trusts which may come into existence after the death of the testator’s wife. No power to invade the trust for the benefit of the children exists in the trustees today and they will not acquire a power until, in fact, the trustees shall be acting as fiduciaries for the children. There is no ambiguity in the will and the testator’s intent is clear. It is the function of this court to carry out and give effect to that intent insofar as is possible and it has no power to rewrite the decedent’s will (Matter of Englis, 2 N Y 2d 395; Matter of Watson, supra). No matter how laudable the purpose may appear, the trust cannot be destroyed by the combined acts of the life beneficiaries and the remaindermen (Matter of Wentworth, 230 N. Y. 176).